**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001357**
**11-MAR-2016**
**09:41 AM**

NO. CAAP-14-0001357

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
LAWRENCE SPINELLI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-14-01172)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Lawrence Spinelli ("Spinelli") appeals from the Amended Judgment and Notice of Entry of Amended Judgment ("Amended Judgment"), filed on November 17, 2014 in the District Court of the Third Circuit ("District Court").[1] Spinelli was convicted of Operating a Vehicle Under the Influence of an Intoxicant ("OVUII"), in violation of Hawaii Revised Statutes ("HRS") § 291E-61(a) (Supp. 2014).[2]

On appeal, Spinelli contends that (1) the District Court plainly erred by failing to conduct an on the record colloquy that demonstrated that he knowingly, voluntarily, and

---

[1] The Honorable Diana Van De Car presided.

[2] HRS § 291E-61(a) states in part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

(2) While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner[.]

intelligently waived his right to testify at trial and (2) there was insufficient evidence to convict him of OVUII.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, we resolve Spinelli's points of error as follows:

(1) The State concedes that the District Court failed to conduct a colloquy in violation of *Tachibana v. State*, 79 Hawaiʻi 226, 900 P.2d 1293 (1995) and that the error was not harmless. Notwithstanding that concession, however, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" *State v. Veikoso*, 102 Hawaiʻi 219, 221-22, 74 P.3d 575, 577-78 (2003) (quoting *State v. Hoang*, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000)). In other words, the State's concession of error "is not binding upon an appellate court[.]" *Hoang*, 93 Hawaiʻi at 336, 3 P.3d at 502 (quoting *Territory v. Kogami*, 37 Haw. 174, 175 (Terr. 1945)) (internal quotation marks omitted).

The District Court erred in not conducting the *Tachibana* colloquy. "[I]n order to protect the right to testify under the Hawaiʻi Constitution, trial courts must advise criminal defendants of their right to testify and must obtain an on-the-record waiver of that right in every case in which the defendant does not testify." *Tachibana*, 79 Hawaiʻi at 236, 900 P.2d at 1303 (footnote omitted). The District Court did not conduct a colloquy that demonstrated an on-the-record waiver of Spinelli's right to testify at trial and Spinelli did not testify at trial. It cannot be said that such a violation is harmless beyond a reasonable doubt, because it is unknowable from the record whether Spinelli's testimony, had he given it, could have established reasonable doubt that he committed the offense of OVUII. *State v. Pomroy*, 132 Hawaiʻi 85, 94, 319 P.3d 1093, 1102 (2014).

(2) Our conclusion with regard to the *Tachibana* colloquy notwithstanding, we must proceed to answer the question

2

posed by Spinelli's second point of error. If there was insufficient evidence to support the conviction, the Amended Judgment will be reversed. If there was sufficient evidence, however, the Amended Judgment will be vacated and remanded for a new trial.

When the evidence adduced at trial is considered in the strongest light for the prosecution, there was substantial evidence to support Spinelli's conviction for OVUII. *State v. Batson*, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992). Spinelli was driving his vehicle when he was stopped by Hawaiʻi County Police Officer Larry Flowers ("Officer Flowers") on August 24, 2013 on Manawalea Street at an intoxication control point. Manawalea Street is a public road, street, or highway. Thus, Spinelli operated or assumed actual physical control of a vehicle on a public street.

" 'Drug' means any controlled substance, as defined and enumerated in schedules I through IV of chapter 329, or its metabolites." Haw. Rev. Stat. § 291E-1 (2007). Tetrahydrocannabinol or THC, the principle psycho-active ingredient in marijuana, is on Schedule I. Haw. Rev. Stat. § 329-14(g); *State v. Petrie*, 65 Haw. 174, 177-78, 649 P.2d 381, 383-84 (1982). Upon making contact with Spinelli, Officer Flowers observed the smell of marijuana as well as Spinelli's red, watery, and glassy eyes. Spinelli admitted to Officer Flowers that he had smoked marijuana within the past ten to fifteen minutes. Spinelli's urine test was positive for 11-nor delta-9-THC-9-carboxylic acid, a metabolite of THC. Thus, Spinelli was under the influence of a drug.

Contrary to Spinelli's claim, a defendant's performance on field sobriety tests may be used to demonstrate that there is sufficient evidence to convict a defendant of OVUII due to a drug. *See State v. Coffee*, 104 Hawaiʻi 193, 195-96, 86 P.3d 1002, 1004-05 (App. 2004), *cert. denied*, 104 Hawaiʻi 273 (2004). *See also, Kidd v. Commonwealth*, 146 S.W.3d 400, 403 (Ky. Ct. App. 2004) (determining that commonwealth did not have to prove that defendant was driving erratically in order to provide sufficient evidence to satisfy the elements of the DUI statute regarding

marijuana, when additional evidence like slurred speech, blood-shoot eyes, failing the field sobriety test "establish[ed] that [defendant's] *ability* to drive was impaired—despite the absence of erratic driving."); *see also Weil v. State*, 936 So.2d 400, 403-04 (Miss. Ct. App. 2006) (determining that there was sufficient evidence to support the conclusion that defendant, pulled over at an ID checkpoint, had been driving under the influence of marijuana by exhibiting poor balance, bloodshot eyes, slurred speech, dilated pupils and admitting to smoking a small amount); *see also State v. Dixon II*, CA2007-01-012, 2007 WL 2821708 at *2 (Ohio Ct. App. Oct. 1, 2007) (stating that while nystagmus in a horizontal gaze nystagmus exam would not be present after consuming marijuana, other field sobriety tests are known to be affected by marijuana consumption (citing to National Highway Traffic Safety Administration, *Drugs and Human Performance Fact Sheets* 11 (2004))).

Spinelli agreed to participate in field sobriety tests. The tests are divided attentions tests which are conducted to see if a person can perform more than one task. Officer Flowers testified that performing more than one task is important because drivers must have the ability to have divided attention to safely operate a motor vehicle. During Officer Flowers' explanation of the walk and turn test, Spinelli was unable to maintain his balance. Spinelli missed three or four heel to toe steps, made an improper turn, may have stepped off the line, and his arms came up from his side, like an airplane, all contrary to Officer Flowers' instructions. During the one-legged stand test, Spinelli put his foot down and raised his arms which was contrary to the instructions provided. Officer Flowers stated that the tests are used to provide clues as to impairment. *Cf. State v. Vliet*, 91 Hawai'i 288, 298, 983 P.2d 189, 199 (1999) ("[A]ny . . . lay person, including a police officer, can have an opinion regarding sobriety." (quoting *State v. Toyomura*, 80 Hawai'i 9, 26-27, 904 P.2d 893, 911-12 (1995) (internal quotation marks omitted))). Based on the totality of the circumstances, including Spinelli's red, watery, and glassy eyes, the odor of burnt marijuana, Spinelli's admission that he had smoked

marijuana 10-15 minutes prior to being stopped, and Spinelli's performance on the walk and turn and one-legged stand tests, Officer Flowers arrested Spinelli for operating a vehicle under the influence of an intoxicant.

"[A]s trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." *Batson*, 73 Haw. at 249, 831 P.2d at 931. Therefore, in light of the evidence presented at trial, there was substantial evidence that Spinelli did not have the ability to operate the vehicle in a careful and prudent manner. Spinelli's claim that there was insufficient evidence to support his conviction for OVUII is without merit. *Coffee*, 104 Hawai'i at 200, 86 P.3d at 1009.

Therefore, IT IS HEREBY ORDERED that the Amended Judgment and Notice of Entry of Amended Judgment, filed on November 17, 2014 in the District Court of the Third Circuit is vacated and the case is remanded for a new trial.

DATED: Honolulu, Hawai'i, March 11, 2016.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Jason R. Kwiat,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge